**In re Josephine Hope FRAZIER, Debtor.**

**Bankruptcy No. 4 89 00208 TN2. AL No. 89 0151.**

United States Bankruptcy Court, N.D. California.

July 28, 1989.

Ronald W. Holland, Suisun City, Cal., Jacoby & Meyers Law Firm, for debtor Josephine Hope Frazier.

Spencer B. Scheer, San Rafael, Cal., Polk, Scheer & Prober, for Beneficial California, Inc.

1. Unless otherwise indicated, all references to "Sections" hereinafter refer to sections of Title

## MEMORANDUM OF DECISION

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

The debtor moves pursuant to Section 522(f)(2) of the Bankruptcy Code [1] to avoid the nonpossessory, nonpurchase money lien of Beneficial California, Inc. ("Beneficial") on certain personal property (the "Property") claimed as exempt. For the reasons stated herein, the debtor's motion is granted, and Beneficial's lien is avoided.

### SUMMARY OF FACTS

Beneficial obtained a lien on the Property on or about October 28, 1987 to secure a debt in an amount not specified in the motion. The Court has not been supplied with a copy of Beneficial's security agreement or UCC–1 Financing Statement. However, a document entitled Valuation of Personal Property (the "Valuation") was attached to Beneficial's opposition to the motion. The Valuation, which appears to have been prepared by the debtor contemporaneous with the loan, lists and values the Property as follows: audio/radio equipment valued at $550, 3 rings valued at $1,000, a violin valued at $200, 2 television sets valued at $500, an oil painting valued at $300, a camera valued at $200, and a watch collection valued at $500.

The debtor filed a petition seeking relief under chapter 7 of the Bankruptcy Code on January 19, 1989. On the same date, she filed a Schedule of Assets and Liabilities (the "Schedules") and Statement of Intention (the "Statement") as required by Section 521(2)(A). In Schedule B–4 of the Schedules, the debtor claimed as exempt, inter alia, household goods, supplies and furnishings with an estimated value of $2,600; Cal.Civ.Proc.Code § .704.020 (West 1982); wearing apparel and personal effects with an estimated value of $1,000; Cal.Civ.Proc.Code § 704.020 (West 1982); and jewelry, heirlooms and art with an estimated value of $1,000; Cal.Civ.Proc. Code § 704.040 (West 1982). In the Statement, the debtor indicated her intention of

11 of the United States Code.

avoiding Beneficial's lien pursuant to Section 522(f).[2]

The meeting of creditors held pursuant to Section 341 was concluded on March 21, 1989 at 1:30 p.m. Beneficial did not object to the debtor's claim of exemptions within the time provided by Bankruptcy Rule 4003(b).[3] On May 5, 1989, the debtor filed a motion to avoid Beneficial's lien on the Property pursuant to Section 522(f)(2). The Property is itemized in the motion as:

> 2 radios, 1 turntable/compact disc, 1 tape recorder, 2 speakers, 3 rings, violin, 2 tv's, 1 oil painting, 1 camera, watch collection

Beneficial opposes the motion to the extent it seeks to avoid Beneficial's lien on the "three rings, two televisions, one oil painting, and watch collection." It contends that the debtor has failed to show that these items are within the dollar limits imposed by those exemptions. In addition, it contends that Section 522(f)(2) does not permit the avoidance of liens on a watch collection or second television and that the watch collection is not property of the type enumerated by Section 522(f)(2)(A).

## DISCUSSION

A. EFFECT OF CREDITOR'S FAILURE TO OBJECT TO EXEMPTION WITHIN TIME SPECIFIED BY BANKRUPTCY RULE 4003(b) ON RIGHT TO RAISE OBJECTION TO CLAIM OF EXEMPTION IN OPPOSITION TO MOTION TO AVOID LIEN UNDER SECTION 522(f).

The principal issue presented by this motion is whether a secured creditor who has not filed an objection to a debtor's claim of exemption within the time specified by Bankruptcy Rule 4003(b) can oppose a motion to avoid its lien pursuant to Section 522(f)(2) on the ground that the debtor may not properly claim its collateral as exempt. There are a number of reported cases addressing this issue. Some of these concern the avoidance of judicial liens under Section 522(f)(1). Others, like this one, concern the avoidance of nonpossessory, nonpurchase-money liens under Section 522(f)(2).

■ At first glance, these decisions appear to be about evenly divided. However, on closer scrutiny, many of the cases involve property which could not be claimed as exempt as a matter of law. There is virtually universal agreement that such property does not become exempt simply because no one files a timely objection. *In the Matter of Van Pelt*, 83 B.R. 617, 619 (Bankr.S.D.Iowa 1987); *In the Matter of Towns*, 74 B.R. 563, 567 (Bankr.S.D.Iowa 1987); *In re Bennett*, 36 B.R. 893, 895 (Bankr.W.D.Ky.1984); *In re Roehrig*, 36 B.R. 505, 507–508 (Bankr.W.D.Ky.1983); *In re Rollins*, 63 B.R. 780, 783–784 (Bankr.E.D.Tenn.1986)[4]. See, also, *In the Matter of Dembs*, 757 F.2d 777, 780 (6th Cir.1985).

---

2. Section 522(f)(2) provides that:
   Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
   ...
   (2) a nonpossessory, nonpurchase-money security interest in any—
   (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
   (B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
   (C) professionally prescribed health aids for the debtor or a dependent of the debtor.

3. Bankruptcy Rule 4003(b) provides that:
   The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court.
   Section 522(*l*) provides, in pertinent part, that "[u]nless a party in interest objects [to the debtor's claim of exemption], the property claimed as exempt on [the debtor's list of exemptions] is exempt."

4. But, see, *In re Payton*, 73 B.R. 31, 33 (Bankr.W.D.Tex.1987) (holding debtor entitled to claim boat as exempt sporting goods because no one had objected to the claim in a timely fashion even though claim was clearly unsupported by law).

Where the debtor's claim of exemption is not facially invalid, the majority of cases hold that a creditor may not attack the debtor's right to the exemption in opposition to a motion to avoid a lien under 11 U.S.C. § 522(f) if the creditor has not filed a timely objection under Bankruptcy Rule 4003(b). *In re Caruthers,* 87 B.R. 723 (Bankr.N.D.Ga.1988); *In the Matter of Van Pelt, supra; In the Matter of Towns, supra; In re Hahn,* 60 B.R. 69, 76 (Bankr. D.Minn.1985). In *Van Pelt* and *Towns,* both decided by Bankruptcy Judge Lee M. Jackwig, the Court relies principally on the rationale of *In re Grethen,* 14 B.R. 221 (Bankr.N.D.Iowa 1981). In that case, the Court concluded that principles of finality and the convenience of the debtor, the trustee, and other creditors precluded a creditor from raising an untimely objection to a claim of exemption in opposition to a motion to avoid a lien. *Van Pelt, supra* at 619; *Towns, supra* at 567. See also, *In re Keyworth,* 47 B.R. 966 (D.Colo.1985) (holding that a contrary rule would impermissibly amend Bankruptcy Rule 4003(b)). The *Hahn* Court relies principally on dicta in *In re Dembs,* 757 F.2d 777, 780 (6th Cir.1985) that "[t]he clear import of [Bankr.R. 4003] and of section 522(1) is that objections to claimed exemptions must be made within thirty days after the creditor's Meeting or any amendment, or they are waived." *Hahn, supra* at 74–75.

Two cases hold to the contrary, *In re Mitchell,* 80 B.R. 372 (Bankr.W.D.Tex. 1987) and *In re Montgomery,* 80 B.R. 385 (Bankr.W.D.Tex.1987), both decided by Bankruptcy Judge Leif M. Clark. The former addresses the question in the context of a chapter 13 case, the latter in a chapter 7 case. The Court bases its conclusion on a number of factors. First, the Court contends, a lien avoidance action does not place in question the debtor's entitlement to the exemption, merely his entitlement to the avoidance of the lien. While the debtor's entitlement to the exemption may be settled by the creditor's failure to object pursuant to Section 522(*l*), his entitlement to the remedy is not. *Mitchell,* 80 B.R. at 375.

Second, the Court notes that Section 522(f) permits liens to be avoided which impair exemptions to which a debtor would have been entitled under Section 522(b), not Section 522(*l*). Section 522(b) gives the debtor the right to exemptions based on substantive categories of property. Section 522(*l*) gives the debtor the right to exemptions based on an interested party's failure to object. Nowhere in Section 522(f) does the Code say that the debtor may avoid liens which impair exemptions to which the debtor would be entitled by virtue of Section 522(*l*). *Mitchell,* 80 B.R. at 375–376.

Furthermore, the Court notes that Section 522(*l*) and 522(f) serve entirely different purposes. The trustee needs to know promptly what unencumbered property the debtor is entitled to exempt from the estate so that he knows what property remains for him to administer. "Lien avoidance actions can then be initiated in the debtor's own good time." *Mitchell,* 80 B.R. at 376. The Court also finds it appropriate to require "... a debtor about to eliminate another's property rights [to] be put to his or her proof, and not be permitted to rely on a technical estoppel...." *Id.* The Court concludes that it would foster needless litigation to require a secured creditor to object to every claim of exemption in its collateral since the debtor would not, in every case, intend to move to avoid the secured creditor's lien. *Mitchell,* 80 B.R. at 376–377. Finally, the Court notes that estoppel is an equitable principle, generally requiring some misleading conduct by the party to be estopped and some reliance by the party in whose favor the estoppel would apply. The Court finds neither element satisfied under these circumstances. *Mitchell,* 80 B.R. 377–378.

■ After much deliberation, the Court is persuaded that the holding in *Mitchell* and *Montgomery* is correct. The Court does not base this conclusion on distinctions between rights and remedies nor between exemptions to which the debtor is entitled under Section 522(b) as opposed to 522(*l*). Similarly, the Court does not be-

lieve it to be determinative whether the principles of equitable estoppel are satisfied.

The Court does agree that different policy considerations are raised by a debtor's claim of exemption with respect to encumbered property than by exemption disputes with the trustee. The debtor's need for a "fresh start" may require a prompt determination of such claims—see, for example, Bankruptcy Rule 4007(c). However, if so, the debtor may seek an early determination of her claim by filing a motion to avoid the lien under Section 522(f) promptly.

The Court is not persuaded that the majority rule would result in a multiplicity of litigation. Section 521(2)(A) requires a debtor to state her intentions with respect to encumbered personal property. Thus, a secured creditor has constructive notice of a debtor's intentions in time to object to the claim of exemption. To the contrary, to require the secured creditor to object to the claim of exemption within the time provided by Bankruptcy Rule 4003(b) would reduce litigation. The debtor might well decide not to move to avoid a secured creditor's lien under Section 522(f) if she knows that the secured creditor objects to her claim of exemption.

The secured creditor's real dilemma is that the statement of intentions is not required to be served on the secured creditor. The cost of traveling to the Bankruptcy Court to review each debtor's statement of intentions to determine whether the debtor intends to move to avoid the secured creditor's lien may well be prohibitive. Thus, as a practical matter, requiring a secured creditor to object to a debtor's claim of exemption prior to filing a motion to avoid a lien may result in the determination by default of a critical element of the debtor's claim. This result seems inconsistent with due process given the drastic remedy provided by Section 522(f) and the ease with which the debtor could give actual notice of the claim. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

However, there is another more compelling reason for the Court to hold with *Mitchell* and *Montgomery* rather than following the majority rule. After reading Section 522(f) carefully, in conjunction with Section 522(i) and the legislative history to Section 522(f), the Court is forced to conclude that Congress never intended the debtor's right to an exemption vis-a-vis the secured creditor to be determined outside the context of a motion to avoid the creditor's lien under Section 522(f).

Section 522(f) states, in pertinent part, that:

> ... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor *would have been entitled* under subsection (b) of this section ... [emphasis added]

From the wording of the emphasized phrase, this Court concludes that a debtor may not effectively claim as exempt a property interest encumbered by a lien subject to avoidance under Section 522(f) prior to moving to avoid that lien.[5] If a debtor could effectively claim an exemption on property subject to such a lien prior to moving to avoid the lien, the emphasized phrase would presumably read "is entitled".

This inference is supported by the legislative history to Section 522(f) as follows:

> Subsection (f) protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property *could have* been exempted in the absence of the lien, and may similarly avoid a nonpurchase-money security interest in certain household and personal goods.

House Report No. 95–595, 95th Cong., 1st Sess. 362 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 76 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5862, 6318 (under subsection (e)) (emphasis added). Whether the debtor could have

---

5. This is not to say that, if the value of the property exceeds the amount of the lien, the debtor may not claim as exempt this excess value.

claimed the property as exempt, had it not been encumbered by a lien, is an element that must be determined as part of the motion to avoid the lien. If the Court determines that the lien is avoidable under Section 522(f), the debtor may then claim as exempt the property freed up by avoidance of the lien. See, Section 522(i)(1).[6]

## B. DEBTOR'S RIGHT TO AVOID LIEN UNDER SECTION 522(f)

■ Having determined that Beneficial did not waive its right to object to the debtor's claim of exemption, the Court must now determine whether the debtor is entitled to avoid Beneficial's lien under Section 522(f)(2). The Court concludes that it is. Critical to this issue is a determination of which party bears the burden of proof. Beneficial assumes that the debtor bears this burden. It contends that the debtor has made "no showing" that certain items fall within the dollar limits or classifications of the exemptions cited. However, Bankruptcy Rule 4003(c) clearly provides that, in any hearing under Bankruptcy Rule 4003, the burden of proof is on the objecting party, that is, in this case, Beneficial.[7]

Beneficial has failed to meet its burden of proving that the items specified are not exempt. In fact, it presented no evidence at all. The only evidence proffered—the Valuation—was not properly authenticated. Moreover, even if the Valuation had been authenticated, it appears to support a finding that the debtor is entitled to the exemptions claimed.

The debtor claims the Property exempt under two statutes—Cal.Civ.Proc.Code §§ 704.020 and 704.040 (West 1982). Sec-

tion 704.020 has no precise dollar limit. It requires only that the property be ordinarily and reasonably necessary to and personally used by the debtor. Section 704.040 permits the debtor to exempt up to $2,500 in property.[8] The rings and the oil painting clearly fall within the classification of Section 704.040. Their aggregate value of $1,300, as claimed in the Valuation, is well within the $2,500 dollar limitation.

■ The two television sets are presumably claimed as exempt under Cal.Civ.Proc. Code § 704.020 (West 1982). Beneficial appears to contend that the debtor may only exempt one television set. The Court does not agree. In today's society, an ordinary household, even one of modest means, might well contain two television sets with an aggregate value of no more than $500. The Court does not believe that Cal.Civ. Proc.Code § 704.020 (West 1982) was intended to limit the debtor to the bare essentials necessary to survival (e.g., one chair, one table, one bed, one lamp). Rather, it seems intended to prevent a debtor from abusing the exemption statute by claiming a luxury item as exempt. There is no evidence that these television sets qualify as luxury items. *Cf., In re Caruthers*, 87 B.R. at 728.

■ In particular, Beneficial contends that the watch collection may not be claimed as exempt and that its lien on that item cannot be avoided. Again, the Court does not agree. The watch collection could be fairly characterized, alternately, as jewelry, an heirloom, wearing apparel or personal effects. If characterized as either jewelry or an heirloom, the total value of the items claimed by the debtor would still

---

6. Section 522(i)(1) provides as follows:
   *If the debtor avoids a transfer* or recovers a setoff *under subsection (f)* or (h) of this section, *the debtor* may recover in the manner prescribed by, and subject to the limitations of section 550 of this title, the same as if the trustee had avoided such transfer, and *may exempt any property so recovered under subsection (b) of this section.* [emphasis added]

7. Bankruptcy Rule 4003(d) provides that a motion to avoid a lien under Section 522(f) shall be

by motion under Bankruptcy Rule 9014. Thus, a hearing on a motion to avoid a lien under Section 522(f) is a hearing under Bankruptcy Rule 4003.

8. Beneficial objects that the rings exceed in value the $500 limit imposed by Cal.Civ.Proc.Code § 703.140(b)(4). However that provision belongs to an alternate set of exemptions not elected by the debtor.

not exceed $2,500. If characterized as a wearing apparel or personal effects, there is no evidence that the watch collection is not ordinarily and reasonably necessary for the debtor's personal use.[9]

Finally, the Court finds that each of the items in dispute also comes within the categories of exempt property described in Section 522(f)(2). The oil painting and the television sets may be fairly characterized as household goods and the rings as jewelry. The watch collection may be fairly characterized as jewelry as well.[10]

## CONCLUSION

The debtor's motion to avoid Beneficial's lien under Section 522(f)(2) is granted. A secured creditor opposing such a motion may do so on the ground that the debtor would not be entitled to exempt the property subject to its lien even though the debtor has listed the property as exempt in her Schedules and the creditor has not objected to the exemption within the time specified by Bankruptcy Rule 4003(b). However, the secured creditor has the burden of proving that the debtor would not be entitled to claim the property as exempt pursuant to Bankruptcy Rule 4003(c). In the instant case, Beneficial failed to meet this burden.

---

**9.** One of the purposes behind the enactment of Section 522(f) was to prevent creditors from pressuring debtors into reaffirming their debts by threatening to foreclose on personal property of little value to the creditor but of great practical or sentimental value to the debtor. *In re Hahn,* 60 B.R. at 76. It is quite possible that a watch collection might be of great personal value to the debtor although of little commercial value. Thus, to find categorically that a watch

collection is outside the intended scope of Cal. Civ.Proc.Code § 704.020 would appear to run counter to the purpose of the statute.

**10.** While the debtor presented no independent evidence concerning the nature of these items, Beneficial does not appear to dispute that the items are what they are purported to be.