**In re Bernard J. STREEPER and Kateri C. Streeper, Debtors.**

**Bankruptcy No. 93–10013LC.**

**Contested No. 3438.**

United States Bankruptcy Court, N.D. Iowa.

Aug. 10, 1993.

Gerald J. Kucera, Cedar Rapids, IA, for debtors.

Harry R. Terpstra, Trustee, Cedar Rapids, IA.

Dave Hughes, Cascade, IA, for Cascade Lumber Co.

## ORDER RE: MOTION TO AVOID LIEN

WILLIAM L. EDMONDS, Chief Judge.

The matter before the court is debtors' motion to avoid the lien of Cascade Lumber Company. Hearing was held May 4, 1993 in Cedar Rapids, Iowa. The court now issues its findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

### Findings of Fact

The debtors, Bernard J. Streeper and Kateri C. Streeper, filed their chapter 7 bankruptcy petition on January 6, 1993. The Streepers claimed their homestead as exempt property in their schedules. No objection to the homestead exemption was filed. The Streepers received their discharge April 16, 1993.

Between July, 1988 and October, 1990, the debtors' homestead was established on property in Section 3 of Wyoming Township in Jones County (the "old homestead"). In 1988 or 1989, during the time the homestead was in Section 3, the Streepers purchased materials from Cascade Lumber and used them for the improvement of the homestead. In their schedules, debtors listed the obligation to Cascade Lumber as a joint debt. Schedule F, docket no. 1.

In October, 1990, the Streepers established the homestead which they now claim as exempt on property in Section 24 of Scotch Grove Township in Jones County (the "new homestead"). Bernard Streeper had owned this property under a warranty deed from Helen Streeper and Alva Streeper dated May 14, 1987 (Exhibit A). He had also lived on the Section 24 property for ten years up until July 1988 before establishing the old homestead in Section 3. Bernard Streeper conveyed the Section 24 property to himself and Kateri Streeper as joint tenants by warranty deed dated June 24, 1992. (Exhibit 3).

Hawkeye Bank & Trust foreclosed on the Section 3 property, the old homestead. Cascade Lumber had not filed a mechanic's lien. The debt to Cascade Lumber was not paid in the foreclosure proceedings.

On September 16, 1992, Cascade Lumber obtained a judgment for $2,319.30 with interest against Bernard Streeper in the Iowa District Court for Jones County. (Exhibit 2). Kateri Streeper was not a party to the action.

### Discussion

Cascade Lumber objects to the lien avoidance motion on the grounds that the Streepers' debt was contracted before the present homestead was established and was a debt for materials furnished exclusively for the improvement of the homestead. Thus, under Iowa Code § 561.21 the homestead would not be exempt from judicial sale to satisfy its debt. Cascade Lumber concludes, therefore, that the lien is not avoidable under 11 U.S.C. § 522(f)(1) because it does not impair an exemption to which the debtors would have been entitled.

The Streepers reply that Cascade Lumber may not object to the homestead exemption when resisting the lien avoidance motion because it failed to make a timely objection to the debtors' claim of exemption. The Streepers argue also that Cascade Lumber obtained judgment after they had established their present homestead and that the improvements were made to property that is not the homestead.

■ A creditor must file objections to a debtor's claim of exemptions within 30 days after the conclusion of the first meeting of creditors unless, within the 30 days, the creditor obtains an extension of time to file. Fed.R.Bankr.P. 4003(b). Unless an objection is filed, the property listed on the debtor's claim of exemptions is exempt. 11 U.S.C. § 522(*l*). If a creditor fails to object or obtain an extension within the 30 days, the creditor may not challenge the validity of the exemption at a later time even if the debtor did not have a colorable basis for claiming the exemption. *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

Cascade Lumber did not make a timely objection to the Streepers' claim of exemp-

tion in the homestead. Therefore, the homestead is exempt, and Cascade Lumber may not object to the exemption in its defense of the lien avoidance motion. See *In re Indvik*, 118 B.R. 993, 1004 (Bankr. N.D.Iowa 1990); *Matter of Towns*, 74 B.R. 563, 566–67 (Bankr.S.D.Iowa 1987). However, even if a debtor is entitled to exempt property under state law, he or she is not automatically entitled to avoid the lien on the exempt property under federal law. The entitlement to an exemption and entitlement to avoid the lien on the exempt property are separate questions. *Indvik*, 118 B.R. at 1004–05.

■ The Streepers' homestead is deemed exempt under § 522(*l*), and Cascade Lumber may not challenge the exemption. However, the Streepers must prove entitlement to lien avoidance under 11 U.S.C. § 522(f)(1) which provides:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien.

The Streepers bear the burden of proof on all lien avoidance issues. *Indvik*, 118 B.R. at 1005.

■ In determining whether a debtor is entitled to avoid a lien under § 522(f), the court must ask whether the lien impairs an exemption to which the debtor "would have been entitled" under § 522(b) but for the lien itself. *Owen v. Owen*, —— U.S. ——, —— ————, 111 S.Ct. 1833, 1836–37, 114 L.Ed.2d 350 (1991). This issue is an element that must be determined as part of the lien avoidance motion. *In re Frazier*, 104 B.R. 255, 259–60 (Bankr.N.D.Cal.1989); *In re Montgomery*, 80 B.R. 385, 387–88 (Bankr.W.D.Tex.1987); *In re Mohring*, 142 B.R. 389, 392 (Bankr.E.D.Cal.1992). The lien avoidance motion does not place in question the Streepers' entitlement to the exemption, merely their entitlement to avoidance of the lien. *Montgomery*, 80 B.R. at 388.

Under § 522(*l*), property is deemed exempt because no creditor objected to the debtor's claimed exemptions. There is no actual litigation of the state law issues underlying the claim of exemptions. *Indvik*, 118 B.R. at 1006. Property may be deemed exempt that would not have been exempt under § 522(b) if the matter had been litigated. *Taylor v. Freeland & Kronz*, —— U.S. ——, 112 S.Ct. 1644.

Several cases have considered the effect of exemption under § 522(*l*) on lien avoidance issues under § 522(f). In *In re Montgomery*, 80 B.R. 385 (Bankr.W.D.Tex.1987), the debtor had claimed four parcels of real estate as exempt. Under Texas law, the debtor would have been entitled to claim only the homestead property as exempt. Two creditors that had failed to object to the exemptions filed objections to the debtor's motion to avoid their judicial liens under § 522(f)(1). The court held that the creditors were not foreclosed from challenging the exempt nature of the properties as a defense to the lien avoidance motion. *Id.* at 387. The debtor was entitled to exempt the property but was required to prove the liens impaired an exemption to which he would have been entitled under § 522(b) to avoid the liens. *Id.* at 388. The court stated that exemption by default under § 522(*l*) does not establish this element of the debtor's case. *Id.* The court concluded that the creditors were not barred either by issue preclusion or estoppel theories from litigating the issue in the lien avoidance motion. *Id.* at 390–92. See also *In re Mohring*, 142 B.R. 389 (Bankr. E.D.Cal.1992) ("exemption by default" has no effect on the analysis for lien avoidance motions); *In re Frazier*, 104 B.R. 255 (Bankr.N.D.Cal.1989); *In re Brantz*, 106 B.R. 62, 68 (Bankr.E.D.Pa.1989) (dictum); *In re Mitchell*, 80 B.R. 372 (Bankr. W.D.Tex.1987) (analysis similar to *Montgomery*). *Cf. In re Hahn*, 60 B.R. 69, 75–76 (Bankr.D.Minn.1985) (a judgment lien creditor is estopped to litigate entitlement to the underlying exemption in a § 522(f)(1) motion).

The *Owen v. Owen* decision supports the *Montgomery* analysis. In *Owen v. Owen*,

the debtor claimed his condominium as an exempt homestead. The bankruptcy court sustained the claim of exemption over the objection of his former spouse, a creditor in the case. *Owen v. Owen,* — U.S. —, —, 111 S.Ct. 1833, 1835. The Supreme Court emphasized that the lien avoidance question is not settled by asking whether the debtor is in fact entitled to the exemption. *Id.* at — – —, 111 S.Ct. at 1836–37.

> [T]he text of § 522(f) ... establishes as the baseline, against which impairment is to be measured, not an exemption to which the debtor *"is* entitled," but one to which he *"would have been* entitled." The latter phrase denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality. "Would have been" *but for what?* The answer ... has been *but for the lien at issue,* and that seems to us correct.

*Id.* at —, 111 S.Ct. at 1837 (emphasis in original).

█ This court considered *Montgomery* as support of its conclusion in *In re Indvik* that debtors may not use the exempt status of property under § 522(*l*) as proof by preclusion that the property is appropriate property for lien avoidance under § 522(f)(2). *Indvik,* 118 B.R. at 1007. Exemption under § 522(*l*) does not determine the underlying factual issues of the exemption question by actual litigation. *Id.* at 1006. In *Indvik,* the court required the debtors to prove that they were engaged in farming and that the items in question were tools of their trade, even though the issues were the same as for the exemption. The court agrees with the *Montgomery* analysis that a creditor may raise exemption issues in a lien avoidance motion under § 522(f)(1) to litigate whether the debtor would have been entitled to the exemption under § 522(b), even if the property at issue has been deemed exempt under § 522(*l*).

Sections 522(*l*) and 522(f) serve entirely different functions. Exemption under § 522(*l*) quickly determines which property is available for distribution by the trustee to unsecured creditors and which property is available for the "fresh start" of the debtor. In contrast, § 522(f) extinguishes the property rights of a creditor. *Indvik* at 1006–07; *Montgomery,* 80 B.R. at 389; *Frazier,* 104 B.R. at 259. Due process requires notice to the creditor of a debtor's intention to avoid the lien. It would be inconsistent with due process to prevent the creditor from raising lien avoidance issues solely because of failure to object to the claim of exemption. *Indvik* at 1006–07; *Frazier* at 259; *In re Smith,* 119 B.R. 757, 760 (Bankr.E.D.Cal.1990).

The court believes the issue that Cascade Lumber fairly raises is whether its lien impairs an exemption to which the Streepers would have been entitled in the absence of the lien. Therefore, the court will consider the merits of Cascade Lumber's objection.

Under the *Owen v. Owen* analysis, the court must ask whether avoiding the judicial lien of Cascade Lumber would have entitled the Streepers to the homestead exemption as of the date of their petition. *Owen v. Owen,* — U.S. —, — n. 6, 111 S.Ct. at 1837, 1838 n. 6. If the homestead would have been exempt under this hypothetical situation, the Streepers may avoid the lien. *Id.*

The Iowa homestead exemption statute provides:

> The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary....

Iowa Code § 561.16. Exceptions are provided in § 561.21:

> The homestead may be sold to satisfy debts of each of the following classes:
>
> 1. Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.

* * * * * *

3. Those incurred for work done or material furnished exclusively for the improvement of the homestead.

\* \* \* \* \* \*

Iowa Code § 561.21.

■■■ A debtor is not entitled to an exemption under Iowa Code § 561.16 and 561.21(1) for *debt* contracted prior to the acquisition of the homestead. *In re Wooten*, 82 B.R. 84, 87 (N.D.Iowa 1986). The homestead is nonexempt from antecedent debt regardless of whether the creditor has reduced the debt to judgment. *Id.* at 86–87. The same analysis is applicable to debt incurred for materials furnished for the improvement of the homestead under Iowa Code § 561.21(3). The debtor would not be entitled to the homestead exemption even in the absence of a judicial lien. A homestead subject to a lien for the types of debt in § 561.21(1) or (3) would not be exempt if the lien were avoided. Therefore, the lien would not be avoidable under § 522(f).

■■■ The Cascade Lumber debt is preacquisition debt for the purposes of Iowa Code § 561.21(1), notwithstanding Bernard Streeper's 1987 deed to the Section 24 property. The Cascade Lumber debt was incurred when the Streepers had established their old homestead in Section 3 and before they had made their new homestead on the Section 24 property. A homestead is "acquired" when the homestead right attaches by actual use and occupation of the property as a homestead, not when a person acquires title to the property. *Hale v. Heaslip*, 16 Iowa 451 (1864); *Elston & Green v. Robinson*, 23 Iowa 208 (1867). Therefore, it is not determinative that Bernard Streeper already owned the Section 24 property at the time the debt was incurred.

However, the debt is not preacquisition debt solely because it was incurred prior in time to establishing the new homestead. The Streepers incurred the debt for materials for improvements on the old homestead on the Section 3 property. In October, 1990, the Streepers changed their homestead to the Section 24 property. Iowa Code § 561.20 provides for a transfer of exemption rights when there is a change of homestead:

**New homestead exempt**

Where there has been a change in the limits of the homestead, or a new homestead has been acquired with the proceeds of the old, the new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been.

■■ If a debtor's first homestead is not subject to sale for satisfaction of a particular debt, when the debtor changes homesteads, the second homestead is exempt as well. See *Pearson v. Minturn*, 18 Iowa 36 (1864). Thus, the debt does not become a "pre-acquisition" debt for purposes of Iowa Code § 561.21(1) even though the debt was incurred prior in time to establishing the second homestead. However, if the first homestead is not exempt as to that debt, the second homestead exemption is limited to that extent. *Bills v. Mason*, 42 Iowa 329 (1876). In *Bills v. Mason*, the debtor had given a note for the purchase price. A year after the debtor had exchanged the old homestead for another, the creditor obtained judgment on the note. Because the old homestead would have been liable for the debt, the liability was transferred to the new homestead when the debtor exchanged properties.

■■ At the time the Streepers incurred the Cascade Lumber debt, the homestead would have been subject to sale to satisfy the debt under § 561.21(3). When they changed their homestead to the property where they now live, the new homestead exemption was limited to the same extent as the old one.

■■ The foregoing analysis would end the matter if the homestead were Bernard Streeper's alone. He would not be able to avoid Cascade Lumber's lien because the lien does not impair an exemption to which he would be entitled under § 522(b). However, Kateri Streeper has preserved her homestead rights in the property. She claimed the property as an exempt homestead, and no one objected to the claim of exemption. Cascade Lumber's lien does

not impair her homestead rights. Cascade Lumber obtained judgment only against Bernard Streeper in Jones County Iowa District Court. One spouse cannot be divested of homestead rights by judicial proceedings in which only the other spouse was a party. *Francksen v. Miller*, 297 N.W.2d 375, 377 (Iowa 1980). Moreover, Cascade Lumber will never be able to obtain a lien on Kateri Streeper's homestead rights because the debt is already discharged. Her homestead interest is not subject to execution.

 The homestead interests of a husband and wife cannot be split. If the interests of one are not subject to execution, neither are the interests of the other. *Decorah State Bank v. Zidlicky*, 426 N.W.2d 388, 391 (Iowa 1988); *Merchants Mutual Bonding Co. v. Underberg*, 291 N.W.2d 19, 21 (Iowa 1980). Therefore, Bernard Streeper's homestead interest also is not subject to execution.

Under Iowa law, a judgment lien does not attach to the homestead that is exempt from judicial sale. *Lamb v. Shays*, 14 Iowa 567 (1863). Cascade Lumber's lien has not attached and can never attach to the homestead. The lien does not impair the Streepers' exemption. However, to make the result of this decision clear in respect to Cascade Lumber's ability to execute on its lien, the court will grant the motion to avoid the lien.

### ORDER

IT IS ORDERED that the motion of the Streepers to avoid the judicial lien of Cascade Lumber Company is granted.

SO ORDERED.