In re Edward L. HUGHES, Debtor.

Edward L. HUGHES, Plaintiff,

v.

TEAM BANK, Defendant.

Bankruptcy No. 391–35030 RCM–7.
Adv. No. 392–3003.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Aug. 30, 1993.

Judith A. Swift, Dallas, TX, for plaintiff.

Arthur F. Selander, Dallas, TX, for defendant.

### SUPPLEMENTAL MEMORANDUM OPINION

ROBERT McGUIRE, Chief Judge.

On August 10, 1993, this Court heard Team Bank's Motion for Reconsideration, New Trial, and Additional or Amended Findings of Fact (the "Motion"). The Motion relates to the statutory construction of § 41.002 of the Texas Property Code, and the constitutionality of the retroactive application of that statute in the context of bankruptcy exemptions. Team Bank asserts that retroactive application of the statute violates the Contract Clause and the Taking Clause of the United States Constitution. The Court, having considered the facts and the law, denies the Motion on the following grounds. Texas courts have consistently upheld the retroactive application of § 41.002(a) of the Texas Property Code to homestead designations against constitutional challenges.[1] In do-

---

1. Team Bank refers the Court to *United States v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). In that case, the Supreme Court considered whether § 522(f)(2) of the Bankruptcy Reform Act of 1978 could be applied retroactively to destroy pre-enactment consensual liens. That case is inapposite. The Supreme Court denied retroactive application of § 522(f)(2) as a matter of statutory construction. In the absence of explicit language providing for retroactivity, the Supreme Court ruled that Congress may not have intended § 522(f)(2) to be applied in that manner to pre-enactment property rights. The Supreme Court did not address whether retroactive application of the statute violated the Fifth Amendment.

ing so, those courts found retroactive application was justified by a rational legislative purpose, "to increase the protection afforded to all homestead claimants in this state as a result of the effects of inflation and increased market demands." *In re Barnhart*, 47 B.R. 277, 283 (Bankr.N.D.Tex. 1985); *In re Starns*, 52 B.R. 405, 413 (S.D.Tex.1985); *In re John Taylor*, 935 F.2d 75, 78 (5th Cir.1991).

The Court need not even address the constitutional issues raised by retroactive application of the 1983 homestead amendments. No evidence was submitted which controverted the Debtor's testimony that, as of 1975 and 1977, the dates the homestead tracts were acquired and occupied, they had a combined value under $10,-000 (exclusive of improvements). *Prima facie*, this was credible. The only valuation testimony elicited by Team Bank related to the value of the property between 1982 and 1986, at the times the loans were extended to the Debtor. (Pretrial Order, Stipulated Facts, B(1)(d)). This is not the relevant time frame for determining compliance with the homestead exemption limitations. *In re Mitchell*, 132 B.R. 553 (Bankr. W.D.Tex.1991).[2] Team Bank failed to meet its burden under Bankruptcy Rule 4003(c) to rebut the Debtor's *prima facie* claim of exemption. *In re Frazier*, 104 B.R. 255, 260 (Bankr.N.D.Cal.1989); Russell, *Bankruptcy Evidence Manual* § 301.42 at 147 (1991–1992 ed.).[3] Team Bank's request to reopen the record at this late date, to supplement its valuation testimony relating to the Edmondson Street and Routh Street Properties, is denied.

Team Bank had the burden of proving that the Debtor would not be entitled to claim the Edmondson Street and Routh

Street Properties as exempt pursuant to Bankruptcy Rule 4003(c). In the instant case, it failed to meet its burden. Therefore, its objection to the Debtor's designation of exempt property is denied, and all requests to amend or supplement the Court's findings, except as noted herein, are denied.

---

**2.** The Court *sua sponte* amends its prior judgment by deleting all of footnote two contained in its prior opinion.

**3.** The procedural posture of the case was as follows. On September 3, 1991, Team Bank objected to the Debtor's designation of exempt property. (Docket Entry 16). No hearing was held on the objection. On October 30, 1991, Team Bank filed a Motion to Terminate Automatic Stay, seeking to foreclose its liens on the homestead property. (Docket Entry 18). On

November 14, 1991, Team Bank withdrew its motion to terminate stay on the grounds it would be proper to fully resolve Team Bank's objection regarding the exempt status of the homestead, prior to litigating the lift stay motion. Team Bank agreed to have the Court address the extent and validity of its lien in the above-captioned adversary proceeding. (Docket Entry 23). An agreed order to that effect was entered November 22, 1991. (Docket Entry 25).