Gordon A. POWERS, Dixie
L. Powers, Debtors.

No. 98–03616.

United States Bankruptcy Court,
N.D. Iowa.

Dec. 2, 2002.

Michael Fay, Cedar Rapids, IA, for Dixie L. Powers and Gordon A. Powers.

Glen Rubin, Dallas, TX, for Cuna Mortgage Corporation.

## ORDER RE MOTION
## TO AVOID LIEN

PAUL J. KILBURG, Chief Judge.

On November 12, 2002, the above-captioned matter came on for hearing on

Debtor's Motion to Avoid Liens. Debtor Dixie L. Powers appeared in person with Attorney Michael Fay. Creditors William and Christine Sacket appeared pro se. After the presentation of evidence the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### STATEMENT OF THE CASE

Debtor seeks to avoid liens on her homestead. Creditors William and Christine Sacket object to avoidance of their small claims judgment lien.

### FINDINGS OF FACT

Debtors purchased and moved into their homestead in November of 1991. They continuously occupied this home until their separation in June 1998. At that point, Mr. Powers moved into an apartment. The marriage was dissolved in July 2002. A stipulation in the dissolution agreement awarded Mrs. Powers possession of the home and awarded Mr. Powers an interest in the home. Mrs. Powers occupied the home until May 2002.

Debtors filed their Chapter 7 petition on December 3, 1998 and received a discharge in March of 1999. Schedule A shows Debtors claimed their homestead as exempt. The file shows no objection to this exemption. Schedule D lists Mr. Sacket as holding a claim against Mr. Powers from a 1996 judgment in small claims court. This judgment was entered against Mr. Powers for faulty construction work on Mr. Sacket's home. Mr. Sacket's 1999 proof of claim asserts a total claim of $5,085.53 and states it is a lien against Debtors' residence. His amended 2002 claim states the amount is now $6,195.27.

Debtor Dixie Powers has filed this Motion to Avoid Liens in order to clear title to sell her homestead. Debtors list five judgment creditors on their schedules, including Mr. Sacket. Mr. Sacket is the only party resisting lien avoidance.

### CONCLUSIONS OF LAW

Debtor's motion to avoid lien implicates 11 U.S.C. § 522(f)(1)(A) (2002) which states:

Notwithstanding any waiver of exemptions ... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien ...

According to § 522(b), "an individual debtor may exempt from property of the estate ... any property that is exempt under ... State or local law." Iowa has opted out of the federal exemption scheme. Iowa Code § 627.10 (2002); *In re Wooten*, 82 B.R. 84, 85 (N.D.Iowa 1986). Under Iowa law, debtors are authorized to exempt from the estate any property which is exempt from execution under Iowa law on the date of filing. 11 U.S.C. § 522(b); Iowa Code § 627.10. Section 561.16 of the Iowa Code states that "the homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary." Iowa Code § 561.16 (2002). This homestead exemption is subject to several restrictions. Iowa Code sec. 561.21 provides exceptions to the Iowa homestead exemption, stating:

The homestead may be sold to satisfy debts of each of the following classes:
1. Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.
2. Those created by written contract by persons having the power to convey,

expressly stipulating that it shall be liable, but then only for a deficiency remaining after exhausting all other property pledged by the same contract for the payment of the debt.

3. Those incurred for work done or material furnished exclusively for the improvement of the homestead.

4. If there is no survivor or issue, for the payment of any debts to which it might at that time be subjected if it had never been held as a homestead.

Iowa Code § 561.21 (2002).

Moreover, Iowa law requires actual occupancy to continue the homestead right, although the right will continue during a temporary absence while the owner has a fixed and definite intention of returning. *In re McClain's Estate*, 220 Iowa 638, 262 N.W. 666, 669 (1935). Physical removal from a home and the establishment of a new home constitute a prima facie case of abandonment, and the burden is upon the debtor to show an intention to return. *Id.*, 262 N.W. at 668. "[T]he actual removal from a homestead, with no intention to return to it as a home, is an equivalent to a surrender of all claim of homestead to the premises, and constitutes an abandonment of such right." *Crail v. Jones*, 206 Iowa 761, 221 N.W. 467, 469 (1928).

The record indicates that Debtors purchased their homestead in November of 1991 and moved in a short time thereafter. The Sackets' judgment against Mr. Powers was entered August 4, 1995. Debtors both continued to occupy their home until separating in June of 1998. At that point, Mr. Powers moved into an apartment. Mrs. Powers occupied the home until May 2002. From the evidence presented, it is clear that the Sackets' judgment lien did not arise from pre-acquisition debt, a contractual agreement expressly stipulating that the homestead shall be liable, or work

furnished exclusively on Debtors' homestead. As such, none of the exceptions to the homestead exemption under Iowa Code sec. 561.21 apply.

This Court further finds that even if it could be proven Mr. Powers abandoned the homestead, such evidence would not effect the outcome of this case. The Iowa Code provides that a husband or wife is generally not liable for the other spouse's separate debts incurred before or after the marriage. Iowa Code § 597.17 (2002). Under this section Mrs. Powers is not liable for the small claims judgment against Mr. Powers. The resulting issue becomes whether Iowa case law would protect the homestead from the reach of Mr. Power's individual creditors.

In Iowa, the homestead rights of a husband and wife cannot be split. *Decorah State Bank v. Zidlicky*, 426 N.W.2d 388, 391 (Iowa 1988); *Merchants Mut. Bonding Co. v. Underberg*, 291 N.W.2d 19 (Iowa 1980); *In re Streeper*, 158 B.R. 783, 789 (Bankr.N.D.Iowa 1993). If the homestead interests of one spouse are not subject to execution, neither are the interests of the other. *Zidlicky*, 426 N.W.2d at 391; *Brown v. Vonnahme*, 343 N.W.2d 445, 451 (Iowa 1984) ("The purpose of homestead laws is to provide a margin of safety to the family."). In other words, Mrs. Powers' interest in the homestead is not liable for Mr. Powers' debt. As this is not joint marital debt, the homestead exemption is valid as to both Mr. and Mrs. Powers.

This Court has held that the marital homestead is indivisible within the context of bankruptcy. *See Streeper*, 158 B.R. 783. Where a husband and wife listed their obligation to a creditor as joint debt but the creditor had obtained a judgment against the husband alone, the debt could not be satisfied by the homestead because the wife had claimed the homestead ex-

empt and her interest was not subject to execution. *Id.* at 789. Likewise, where a wife incurred debts prior to marriage and later owned a homestead in joint tenancy with her husband, the husband's interest in the homestead prevented a judicial sale of the property to satisfy the wife's preacquisition debts. *In re Knode,* No. C 98–12–MJM, slip op. at 4 (N.D.Iowa Aug. 26, 1998). Following this line of reasoning, it is clear that any indication of abandonment by Mr. Powers does not allow Debtors' homestead to be subject to Mr. Sacket's judgment lien.

It is the conclusion of this Court that Debtors' homestead is not subject to the Sackets' judicial lien. The homestead exemption as to both Mr. and Mrs. Powers is valid. Mrs. Powers seeks to avoid a judicial lien that has allegedly attached to her homestead. Under Iowa law, the judgment does not attach to Debtors' homestead. Because the judgment lien did not attach to the homestead property, there is no lien to avoid. *In re Karrer,* 183 B.R. 177, 180–81 (Bankr.N.D.Iowa 1994). Therefore the motion to avoid the lien is unnecessary. The homestead property is not subject to the Sackets' judgment lien.

**WHEREFORE,** the motion to avoid the small claims judgment lien of Creditors William and Christine Sacket is denied as moot.

**FURTHER,** the small claims judgment lien of Creditors William and Christine Sacket does not attach to Debtors' homestead real estate.