**In re Jeannie M. MOHRING, Debtor.**

**Bankruptcy No. 91–27118–C–7.**

United States Bankruptcy Court,
E.D. California.

June 30, 1992.

Spitters had, in accepting the personal judgments, expressly reserved his right to foreclose.

H. Lee Horner, Sacramento, Cal., for debtor.

## MEMORANDUM DECISION DENYING MOTION TO AVOID LIEN PER 11 U.S.C. § 522(f)

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

This is a motion to avoid a lien on putatively exempt property under 11 U.S.C. § 522(f). The question is whether the lack of objection to a claimed exemption of property strips the court of power to deny a motion to avoid a lien on that property as unsupported by evidence. The question is of practical importance in the wake of the decision by the United States Supreme Court in *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), enforcing the exemption by default provisions of 11 U.S.C. § 522(*l*) and Federal Rule of Bankruptcy Procedure 4003(b).

I conclude that an exemption by default has no effect on eligibility for lien avoidance, that the debtor must make a competent record on all elements of the lien avoidance statute, 11 U.S.C. § 522(f), and that one element of a competent record is that the debtor have filed schedules and lists that itemize property with reasonable particularity. In some instances, property that is exempt by default may remain subject to a lien.

### I. *Facts*

The debtor filed a voluntary chapter 7 petition accompanied by schedules and a statement of financial affairs. The personal property category for household goods and furnishings on Schedule B, which requires description, location, and value of the property, had the following entry: "At Debtor's Residence $1,000." The property claimed as exempt on Schedule C was "household goods and furnishings" valued at $1,000, citing California Code of Civil Procedure § 703.140 as the basis for exemption.[1] Avco Financial Services ("Avco") appeared on Schedule D as a creditor holding a $3,028 claim secured by a nonpossessory, nonpurchase-money lien granted in 1990 on "household goods." The Statement of Intention similarly referred merely to "household goods." Finally, on the Statement of Financial Affairs, the debtor averred that in January 1991 a television (value $350), VCR (value $250), car radio (value $300), and speakers (value $100) were stolen.

The debtor has filed two motions to avoid Avco's lien. The first was filed October 29, 1991, and denied by order filed November 25, 1991, accompanied by written findings of fact and conclusions of law explaining that the record was insufficient because the schedules did not itemize property with reasonable specificity and because there was no proof that service of the motion was made on Avco.[2]

This second motion to avoid Avco's lien was filed without schedules having been

---

1. The household goods portion of that exemption permits the debtor to exempt:

   The debtor's interest, not to exceed two hundred dollars ($200) in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

   Cal.Code Civ.P. § 704.140(b)(3).

   The structure of the California exemption scheme is described in *In re Petruzzelli,* 139 B.R. 241 (Bankr.E.D.Cal.1992).

2. A motion to avoid lien is a contested matter governed by Federal Rule of Bankruptcy Procedure 9014, and the various rules incorporated therein. Fed.R.Bankr.P 4003(d). A motion that is governed by Rule 9014 "shall be served in the manner provided for service of a summons and complaint by Rule 7004," which provides for nationwide service by first-class mail, by publication, or pursuant to Federal Rules of Civil Procedure 4(c)(2)(C)(i) and 4(d).

amended, without allegation of specific facts,[3] and without an affidavit or other evidence in support of the motion. Service was made on Avco.

## II. *Motion to Avoid Lien*

In a debtor's lien avoidance motion, the court is asked to avoid the fixing of a lien on the debtor's interest in certain items of exempt property pursuant to section 522(f).[4]

■ A debtor seeks such an order by filing a motion to avoid lien, which is treated as a "contested matter" rather than as an adversary proceeding.[5] Although a contested matter is procedurally more streamlined than an adversary proceeding, many important rules of practice and procedure apply to both of them. For example, evidence to support the relief requested is

3. The motion, in its entirety, states:

To AVCO, the attorneys of record for said creditor and all other interested parties:
Debtor above captioned hereby moves this court for an order avoiding the nonpurchase [sic] money non-possessory [sic] lien of AVCO upon the exempt household goods and personal effects of Debtor herein pursuant to 11 U.S.C. 522(f).

4. The full text of the section is:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien; or
(2) a nonpossessory, nonpurchase-money security interest in any—
(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
(C) professionally prescribed health aids for the debtor or a dependent of the debtor.
11 U.S.C. § 522(f).

5. Federal Rule of Bankruptcy Procedure 4003(d) provides:

A proceeding by the debtor to avoid a lien or other transfer of property exempt under

taken under the Federal Rules of Evidence.[6] Findings of fact and conclusions of law are required,[7] as is resolution by a judgment set forth on a separate document.[8] The general rule that the proponent of a motion has the burden of proof applies to lien avoidance motions.[9]

■ There are four basic elements to avoiding a lien under section 522(f). First, there must be an exemption to which the debtor "would have been entitled under subsection (b) of this section." 11 U.S.C. § 522(f). Second, the property must be listed on the debtor's schedules and claimed as exempt. Third, the lien must impair that exemption. Fourth, the lien must be either a nonpossessory, nonpurchase-money security interest in categories of property specified by the statute, 11 U.S.C. § 522(f)(2), or be a judicial lien. 11 U.S.C. § 522(f)(1). Additionally, where a security

§ 522(f) of the Code shall be by motion in accordance with Rule 9014.
Fed.R.Bankr.P. 4003(d).

6. Federal Rule of Civil Procedure 43 and the Federal Rules of Evidence apply to adversary proceedings and to contested matters. Fed.R.Bankr.P. 9017.

There is, however, a key difference in the manner in which evidence in a contested matter is taken. A contested matter is a motion. Evidence on motions may be taken entirely on affidavits presented by the respective parties unless the court orders oral testimony or deposition. Fed.R.Civ.P. 43(e). Bankruptcy courts routinely invoke Rule 43(e). In contrast, the adversary proceeding is an ordinary civil action in which testimony is taken in the usual manner under Rule 43(a). *See Adair v. Sunwest Bank (In re Adair)*, 965 F.2d 777 (9th Cir.1992). This is one of the main reasons the contested matter is a streamlined procedure.

7. Federal Rule of Civil Procedure 52 applies to adversary proceedings and to contested matters. Fed.R.Bankr.P. 7052 and 9014.

8. Federal Rule of Civil Procedure 58 applies in adversary proceedings and contested matters. Fed.R.Bankr.P. 9021.

9. Federal Rule of Bankruptcy Procedure 4003(c), which allocates to the objecting party the burden of proving that the exemptions are not properly claimed, does not compel a contrary conclusion. Neither the motion to avoid lien nor opposition to such a motion is an objection to claim of exemption. *In re Montgomery*, 80 B.R. 385 (Bankr.W.D.Tex.1987).

interest on household goods and personal items is·in question, there is another element: the property must be "held primarily for the personal, family, or household use of the debtor or a dependent of the debtor." 11 U.S.C. § 522(f)(2)(A).

A motion to avoid lien is generally a routine, noncontroversial matter because the property has been specifically described in the schedules, valued, and claimed as exempt, and the creditor's claim has been listed as secured by the same property. The validity of most exemptions is apparent from the face of the debtor's schedules and lists; properly prepared schedules and lists enable one "to determine precisely whether a listed asset is validly exempt simply by reading a debtor's schedules." *Hyman v. Plotkin (In re Hyman)*, 967 F.2d 1316, 1319–20 (9th Cir.1992). Conversely, proof of the necessary elements becomes more difficult when the schedules are incomplete or vague—there is explaining to do.

The debtor's schedules and list of exemptions are so important to laying a foundation for lien avoidance (particularly on the first two essential elements) that they should be made part of the record. They are nearly indispensable to establishing that the property has been listed and claimed as exempt. A debtor ought to proffer them in support of the motion to avoid lien as evidence relevant to the elements of entitlement to an exemption and of scheduling and claiming exemption in the property.[10]

██ If the debtor does not proffer the verified schedules and list of property claimed as exempt, the court nevertheless has discretion to take judicial notice of them for the purpose of establishing whether the property is listed and claimed as exempt and whether the contents, if true, reflect a prima facie case for entitlement to exemption under 11 U.S.C. § 522(b).[11] Fed.R.Evid. 201(b)(2); *O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957–58 (9th Cir.1989); 1 J. Weinstein, *Weinstein's Evidence* ¶ 201.03 at 201–35 (1992); B. Russell, *Bankruptcy Evidence Manual* § 201.5 (1991). Without the schedules and list of property claimed as exempt, the record has a missing link that normally is fatal to the motion.[12]

### III. *Effect of Exemption by Default under 11 U.S.C. § 522(l)*

██ The debtor's claim of exemption in this case elicited no objection within the time provided by Rule 4003(b).[13] Accordingly, the property claimed as exempt is exempt by default under the terms of section 522(l) and is exempt regardless of whether the exemption is valid. *Taylor,* —— U.S. at ——, 112 S.Ct. at 1644.

**10.** Since the schedules and lists are executed under penalty of perjury, they may be treated as affidavits that may be used under Federal Rule of Civil Procedure 43(e) for any purpose permitted by the Federal Rules of Evidence. For example, they typically contain the debtor's lay opinion of value. Fed.R.Evid. 701; B. Russell, *Bankruptcy Evidence Manual* § 701.2 (1991). The primary constraint on their use by the debtor is that much in the schedules is not admissible without additional foundation.

An adverse party has an easier time introducing the debtor's schedules and lists because they qualify as admissions. Fed.R.Evid. 801(d)(2).

**11.** Judicial notice of such court records is taken for the limited purpose of establishing that which can be readily ascertained and cannot be denied—that the statements in them say what they say. The fact of the statements in the schedules themselves is capable of accurate and ready determination by resort to the original verified documents filed with the court (by the movant), the genuineness of which cannot reasonably be questioned. Fed.R.Evid. 201(b)(2). The actual truth of the facts asserted in the schedules, however, cannot readily be ascertained and is not appropriate for judicial notice.

**12.** Default by the lienor does not change the analysis. Federal Rule of Civil Procedure 55 applies to contested matters. Fed.R.Bankr.P. 7055 and 9014. Judgment, i.e., the order avoiding the lien, is entered by the court per Federal Rule of Civil Procedure 55(b)(2). The court is entitled to take well-pleaded facts as true, but should not grant relief to which the movant is not entitled.

**13.** That is, "30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court." Fed.R.Bankr.P. 4003(b).

■ *Taylor* does not affect the analysis of motions to avoid lien. The Supreme Court held in *Taylor* that property the debtor was not entitled to exempt under section 522(b) was nonetheless exempt by default under section 522(*l*) because the trustee had failed to object.[14] Therein lies a key distinction.

■ The exemption by default under section 522(*l*) is not an exemption "to which the debtor would have been entitled under subsection (b)" of 11 U.S.C. § 522. *Montgomery*, 80 B.R. at 388; *see also In re Frazier*, 104 B.R. 255, 258 (Bankr.N.D.Cal. 1989). This language is not ambiguous and does not permit a lien to be avoided unless there is entitlement to exemption under section 522(b). It matters not at all that the property may be exempt by virtue of section 522(*l*).

Accordingly, assuming (without deciding) that *Taylor* would preclude untimely objection to exemption of property that is not correctly scheduled and listed, the inability of the trustee and other parties in interest to challenge the exemption has no impact on the ability to avoid a lien.

## IV. *Debtor's Duty to File Lists and Schedules*

The difficulties with the record in this case relate primarily to lists and schedules that are not properly completed.

### A. *Duty to File Schedules*

A paramount duty of the debtor is the duty to file a list of creditors, schedules of assets, liabilities, income, and expenditures, and a statement of financial affairs. 11 U.S.C. § 521(1). The debtor must file a list of property claimed as exempt. 11 U.S.C. § 522(*l*). And in a chapter 7 case, the debtor must cooperate with the trustee in preparing a "complete inventory of the property of the debtor ..., unless such an inventory has already been filed." Fed. R.Bankr.P. 2015(a) and 4002(4); 11 U.S.C. § 521(3) (duty to cooperate with trustee in preparing inventory).

These matters are at the heart of the bankruptcy system, and their importance can hardly be understated. The proper "operation of the bankruptcy system depends on honest reporting." *Payne v. Wood*, 775 F.2d 202, 205 (7th Cir.1985).

### B. *Manner of Preparing Schedules and Lists*

The schedules and lists are to be prepared as prescribed by the appropriate Official Forms. Fed.R.Bankr.P. 1007(b) and 9009. They are to be executed under penalty of perjury. Fed.R.Bankr.P. 1008.

■ The basic rule is that schedules must be accurate and complete. And they must be corrected if they are incomplete. Thus, amendments are liberally permitted and can be demanded by the court. Fed. R.Bankr.P. 1009(a). Numerous cases hold that the debtor has a duty to prepare schedules carefully, completely, and accurately. *E.g., In re Jones*, 134 B.R. 274, 279 (N.D.Ill.1991); *In re Baumgartner*, 57 B.R. 513, 516 (N.D. Ohio 1986); *In re Mazzola*, 4 B.R. 179, 182 (Mass.1980).

The Official Form relating to personal property identifies thirty-three types of property and requires the debtor to state for each category whether the debtor has an interest in any such property. If so, the debtor must give the description and location of the property, together with its market value and its characterization within marital property rules. Official Form 6,

---

**14.** The rule in *Taylor* might, however, turn out to be more limited. The case presented no issue of incomplete description of the property on the schedules. The property claimed as exempt, an employment discrimination lawsuit, was specifically identified on the schedules. The trustee investigated the lawsuit. The debtor cooperated with the trustee, who decided not to object. After the debtor settled for more than the trustee had anticipated and for more than she would have been entitled to exempt, the trustee sought some of the proceeds. Straightforward application of the exemption by default provision of section 522(*l*) precluded him from challenging the exemption after the deadline specified in the rules.

*Taylor* does not suggest what result would pertain if the schedules were too ambiguous to ascertain what was claimed as exempt. In this circuit, ambiguities in schedules are construed against the debtor. *Hyman*, 967 F.2d 1316, at 1319–20, n. 6.

Schedule B. The instructions are to "list all personal property of the debtor of whatever kind" and, if "additional space is needed in any category, attach a separate sheet." *Id.* (Instructions for Completion).

■ There are, however, no bright-line rules for how much itemization and specificity is required. What is required is reasonable particularization under the circumstances. The Official Forms themselves have generally been regarded as subject to a rule of substantial compliance.[15] As one court has noted, "[i]t would be silly to require a debtor to itemize every dish and fork," but "[e]very bankrupt must do enough itemizing to enable the trustee to determine whether to investigate further." *Payne,* 775 F.2d at 205–07. The rule in the Ninth Circuit is that trustee and creditors should be able to determine whether an exemption is valid by reading the schedules. *Hyman,* 967 F.2d 1316, 1319–20 at n. 6.

### C. *Scheduling Property Claimed as Exempt*

■ The required degree of specificity increases when itemizing property that is claimed as exempt under section 522. Two purposes are served by detailed lists of property claimed as exempt. First, claims of title are easily established on the day of discharge. Second, parties in interest are able to decide which claims to challenge. *Payne v. Wood,*[16] 775 F.2d at 206; *Hyman,* 967 F.2d 1316, 1319–20 at n. 6.

The importance of providing detail sufficient to enable parties to decide whether to object is a corollary of the Supreme Court's decision in *Taylor.* The premium on timely objection heightens the demand for accurate and complete lists and schedules.

Ambiguities in matters of claims of exemption will be construed against the debtor because "it is important that trustees and creditors be able to determine precisely whether a listed asset is validly exempt simply by reading a debtor's schedules." *Hyman,* 967 F.2d 1316, at 1319–20.[17]

The details of the state's exemption scheme affects the analysis. For example, the California household goods exemption permits exemption of $200 per item for an unlimited number of items, subject to the condition that the items are held primarily for the personal, family, or household use of the debtor or a dependent. Cal.Code Civ.P. § 704.140(b)(3). The generic category "household goods" with a total value will be inadequate to permit trustees and creditors to determine precisely whether the property is validly exempt.

In short, when the state's exemptions are on a per item basis, detailed itemization is required.

### D. *This Debtor's Lists and Schedules*

The one thing that is certain about this debtor's lists and schedules is that the generic listing of "household goods" worth $1,000 is incomplete and ambiguous. There is no description of the household goods; they are merely said to be "at debtor's residence" and worth $1,000. This does not substantially comply with the requirements of Official Form 6. And it is not adequate to permit the trustee and

---

**15.** Fed.R.Bankr.P. 9009 (Advisory Committee's note).

**16.** That panel of the Seventh Circuit discussed why the debtor must claim exemptions with specificity as follows:

The requirement that the debtor list the property [on the schedules] serves at least two functions. One is to settle claims of title, so that on the day of discharge everyone knows who owns what. The other is to *allow the trustee to decide which claims to challenge.* Debtors are not perfectly trustworthy, and unless the claim of exemption contains sufficient detail to put the trustee on notice of questionable assertions, it will not be possible to administer the statutory scheme.
*Payne v. Wood,* 775 F.2d 202 (1985) (emphasis added).

This approach is consonant with that of the Ninth Circuit. *Hyman,* 967 F.2d 1316, at 1319–20.

**17.** The debtor's generic listing of "household goods" is unquestionably ambiguous and to be construed against the debtor. Whether such an ambiguity would defeat an exemption by default under section 522(*l*) need not be determined here because the answer does not affect the outcome of this motion.

creditors to determine whether the property is validly exempt.

One cannot tell whether there are items worth more than $200 or to which items the lien attaches.[18] Nor can one tell whether any of the items might not be held primarily for the personal, family, or household use of the debtor or a dependent. Cal.Code Civ.P. § 703.140(b)(3). Assuming the accuracy of the debtor's assertion that the total value is $1,000, it is possible that there are items of household goods that exceed the exemption.

And there is a question of fact. What specific items of property are exempt?

Until the answer to that question is known by way of amended schedules filed by the debtor under penalty of perjury, it is impossible to ascertain whether the debtor is entitled to exempt the property under section 522(b) and whether the property actually meets all of the requirements for lien avoidance under section 522(f)(2)(A).

\* \* \* \* \* \*

 The operative principle here is that although bankruptcy confers substantial benefits on the honest but unfortunate debtor, including a discharge of debts, the ability to retain exempt property, and the ability to avoid certain liens that impair exemptions, there is a price. The debtor must comply in good faith with the duties imposed by bankruptcy law. One seeking benefits under the Bankruptcy Code must satisfy the duty to schedule, for the benefit of creditors, all one's interests and property rights. *Oneida Motor Freight, Inc.*, 848 F.2d 414, 416 (3rd Cir.1988). Failure to comply may warrant denial or, pending compliance, deferral of benefits.

Accordingly, the motion will be DENIED, without prejudice to being renewed after schedules are amended.

---

**18.** The property that was described as stolen is the type of property that loan companies often take as collateral.