**In re Arvid R. MOE, p/d/b/a Moe Motor Company, Debtor.**

**Bankruptcy No. 94–11602–7.**

United States Bankruptcy Court, D. Montana.

March 28, 1995.

Stephen C. Mackey, Billings, MT, for debtor.

Laura Christoffersen, Wolf Point, MT, for Citizens First Nat. Bank.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 7 case, the Debtor has filed a "Motion and Brief to Alter or Amend Judgment" entered March 14, 1995, on the Debtor's motion to avoid the judgment lien of Citizens First National Bank (Bank). In the March 14, 1995, holding, the Court, applying 11 U.S.C. § 522(f) as amended by the Bankruptcy Reform Act of 1994, P.L. 103–394, held, in part, that under Montana's exemption law the value of the Debtor's homestead exemption was limited to Debtor's proportional interest in the real property. Mont. Code Ann. § 70–32–104(2). That meant the Debtor's exemption was limited to $20,000.00. Debtor now contends in the present motion, that since there was no objection to the Debtor's claim of exemption under § 70–32–104 of $40,000.00, under the decision of *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), this Court as a matter of law was bound to the higher figure of $40,000.00, "whether or not legally correct" under Montana law.

*Taylor* considered and concluded that a Chapter 7 trustee's late-filed objection to a legally insufficient exemption was foreclosed under § 522(*l*) and Rule 4003(b), which required the trustee to object within 30 days from the § 341 First Meeting of Creditors. 503 U.S. at 643–45, 112 S.Ct. at 1648. The Supreme Court concluded:

> Davis claimed the lawsuit proceeds as exempt on a list filed with the Bankruptcy Court. Section 522(1), to repeat, says that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." Rule 4003(b) gives the Trustee and creditors 30 days from the initial creditors' meeting to object. By negative implication, the Rule indicates that creditors may not object after 30 days "unless, within such period, further time is granted by the court." The Bankruptcy Court did not extend the 30–day period. Section 522(1) therefore has made the property exempt. Taylor cannot contest the exemption at

this time whether or not Davis had a colorable statutory basis for claiming it. *Taylor*, 503 U.S. at 643–44, 112 S.Ct. at 1648.

In the case *sub judice,* Debtor scheduled Citizens First National Bank as a secured creditor under its judgment lien, and under Schedule C declared the homestead in Wolf Point, Montana, exempt under "MCA § 70–32–104" at a value of claimed exemption in the sum of $40,000.00. Moe therefore contends Debtor now is entitled to the entire $40,000.00 exemption, even though § 70–32–104(2) concededly limits that exemption to $20,000.00. I reject the Debtor's argument.

For various reasons, bankruptcy courts have held that "exemption by default" as is allowed by *Taylor* does not apply to lien avoidance motions. For example, in the Ninth Circuit, the cases of *In re Mohring,* 142 B.R. 389, 394 (Bankr.E.D.Cal.1992), *aff'd mem.,* 153 B.R. 601 (9th Cir. BAP 1993), *aff'd mem.,* 24 F.3d 247 (9th Cir.1994), and *In re Morgan,* 149 B.R. 147, 151–152 (9th Cir. BAP 1993) both concluded that an exemption arising under § 522(*l*) does not arise under § 522(b), and thus cannot support lien avoidance under § 522(f). *Mohring* reasons, "[t]he exemption by default under § 522(*l*) is not an exemption 'to which the debtor would have been entitled under subsection (b) of 11 U.S.C. § 522,' " 142 B.R. at 394 (citing *In re Montgomery,* 80 B.R. 385, 388 (Bankr. W.D.Tex.1987) and *In re Frazier,* 104 B.R. 255, 258 (Bankr.N.D.Cal.1989)).

On different grounds, courts such as *In re Streeper,* 158 B.R. 783 (Bankr.N.D.Iowa 1993) and *In re Maylin,* 155 B.R. 605 (Bankr. Me.1993) arrive at the same result, even though the *Maylin* court criticizes, but does not decide, that the holdings in *Mohring* and *Morgan* were rejected by *Taylor's* majority. *Maylin,* 155 B.R. at 613, n. 30. In *Streeper,* the court relies in part on *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), in holding that sections 522(*l*) and 522(f) serve different functions, so that under 522(f) and *Owen v. Owen,* 500 U.S. at 314 n. 6, 111 S.Ct. at 1838 n. 6, the "court must ask whether avoiding the judicial lien of Cascade Lumber [a secured creditor] would have entitled the Streepers to the homestead exemption as of the date of their petition," for if the homestead "would have been exempt under this hypothetical situation, the Streepers may avoid the lien." *In re Streeper,* 158 B.R. at 787. Likewise, the *Maylin* court explains that a § 522(f) lien avoidance motion is one where the secured creditor is hailed into bankruptcy court, where it may otherwise have no interest since the lien passes through the bankruptcy unaffected under *Farrey v. Sanderfoot,* 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991). *Maylin,* 155 B.R. at 612. Up to the point of the lien avoidance motion, that secured creditor is not affected by the *Taylor* holding. *Maylin* holds:

> Taylor extends as far as its holding, but not as far as its dictum. It confuses Rule 4003(b)'s deadline for exemption objections made by the bankruptcy trustee (and the unsecured creditors who look to the estate for payment). Its rule does not foreclose a secured creditor from defending § 522(f) or § 522(h) action by denying that the property involved is exempt under applicable law. Notwithstanding Rule 4003(b) and *Taylor,* affected secured creditors may contest the *bona fides* of an exemption in defense of a § 522(f) lien avoidance motion.

155 B.R. at 613.

*Maylin* notes this Court in *Braddock v. U.S. (In re Braddock),* 149 B.R. 636 (Bankr. Mont.1992) reached a similar but narrower result, that the exempt homestead, not objected to, did not prevail over an IRS tax lien. 155 B.R. at 613 n. 30. *Braddock* holds:

> [W]e reject the Debtors' argument that *Taylor* stands for the proposition that the holder of a properly filed tax lien must also file an objection to a homestead exemption in order to hold the homestead liable. Such a tax lien is specifically excepted from the general rule by the language of § 522(c)(2)(B).

149 B.R. at 639.

*Braddock* concluded the debtors' argument based on *Taylor* would render § 522(c)(2)(B) superfluous by requiring holders of tax liens to file objections to exemptions like other creditors, or the trustee, and such result is disfavored. *Braddock,* 149 B.R. at 639.

While the above authorities refute the Debtor's argument in this case, I hold that the recent amendment to § 522(f) under the Bankruptcy Reform Act of 1994 clearly settles the question notwithstanding *Taylor*. The definition of impairment under § 522(f)(2)(A) specifically requires, as part of the mechanical test, to include "the amount of the exemption that the debtor could claim if there were no liens on the property." The statutory language specifically mandates the bankruptcy court in the lien avoidance proceeding to take the exemption the Debtor "could claim," not the exemption claimed and allowed in the schedule of exemptions. *See, In re Montgomery, supra*, 80 B.R. at 387–388. For all of the above reasons, and based on statutory language, the Debtor's motion to alter or amend the Order of March 14, 1995, is without merit.

IT IS ORDERED the Debtor's motion to alter or amend judgment, filed March 24, 1995, is denied.