**In re Mario C. ANDRES, Debtor.**

**Bankruptcy No. 97 B 16050.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Sept. 16, 1997.

307

Alan J. Bernstein, Bernstein & Payonk, Chicago, IL, for Movant/Debtor.

David S. Panega, Bolingbrook, IL, for Associates Finance.

## MEMORANDUM OPINION ON DEBTOR'S MOTION TO AVOID GARNISHMENT LIEN AND FOR TURNOVER OF FUNDS

JACK B. SCHMETTERER, Bankruptcy Judge.

This proceeding relates to the bankruptcy case originally filed by Mario Andres ("Debtor") under Chapter 13 of the Bankruptcy Code, title 11, 11 U.S.C. *et seq* on May 23, 1997. Debtor filed this motion to avoid a wage deduction lien against his wages that was imposed in favor of judgment creditor Associates Finance, Inc. prior to the bankruptcy filing, and for turnover of withheld funds. Debtor argues that the lien is voidable under 11 U.S.C. § 522(f)(1)(A). The creditor was noticed, but filed no briefs and took no position herein. For reasons stated below, Debtor's motion will be granted in part and denied in part.

## BACKGROUND

Prior to Debtor's filing his Chapter 13 petition, Associates Finance ("Associates") had obtained a judgment in an Illinois court against Debtor and caused a wage deduction summons against his wages to be served on Debtor's employer, Alden Lakeland Rehabili-. tation Center ("Alden"). Alden began to withhold a percentage of Debtor's wages pursuant to Illinois law, and it is currently holding $1,324.31 which was deducted from Debtor's wages. No final wage deduction order has been entered by the State court.

On Debtor's bankruptcy schedules, Debtor claimed $1,000.00 of the deducted wages as exempt pursuant to 735 ILCS 5/12–1001(b). The creditor's meeting was held under 11 U.S.C. § 341 on July 8, 1997. Since that time, no party in interest has objected to Debtor's claims of exemption.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

■ A bankruptcy judge may review the merits of an uncontested motion, but should deny the motion if it lacks a basis for the relief sought. *In re Julius Franklin, Pamela B. Brown, Sandra Ramirez*, 210 B.R. 560, 562, (Bankr.N.D.Ill.1997). "Courts are not required to grant a request for relief simply because the request is unopposed." *Id.* (collecting cases). Thus, it is appropriate to review Debtor's motion despite the lack of objection from Associates or any party in interest.

## DISCUSSION

■ Debtor scheduled $1,000.00 of the withheld wages as exempt pursuant to 735 ILCS § 5/12–1001(b) and now wishes to avoid the wage deduction lien. Liens on exempt property are avoided pursuant to 11 U.S.C. § 522(f)(1)(A) which provides that a debtor may avoid the fixing of a judicial lien

"on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." Title 11 U.S.C. § 522(f)(1)(A); *see also, In re Vasquez*, 205 B.R. 136, 137 (Bankr.N.D.Ill.1997). Thus, there are four requirements to avoid a judicial lien: "(1) the lien the debtor seeks to avoid is a judicial lien; (2) the debtor claims an exemption in the property to which the debtor is entitled under § 522(b); (3) the creditor's lien impairs the debtor's exemption; and (4) the debtor has an interest in the property." *Johnson v. Ford Motor Credit Co. (In re Johnson)*, 53 B.R. 919, 922 (Bankr.N.D.Ill. 1985), *motion for reconsideration denied*, 57 B.R. 635 (Bankr.N.D.Ill.1986).

■ A garnishment or wage deduction lien is a judicial lien. A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A garnishment or wage deduction lien is such a creature. *See Vasquez*, 205 B.R. at 138; *Franklin, Brown, Ramirez*, 210 B.R. at 563; *In re Waltjen*, 150 B.R. 419, 425 (Bankr.N.D.Ill. 1993). The lien involved here covers Debtor's wages as to which Debtor claims an exemption. The issue presented here is whether Debtor is entitled to that exemption under Bankruptcy Code § 522 which allows a debtor to exempt certain property from property of the bankruptcy estate.

■ Illinois law requires a resident-debtor to use state authorized exemptions. 735 ILCS 12–1201; *In re Garcia*, 149 B.R. 530, 533 (Bankr.N.D.Ill.), *aff'd*, 155 B.R. 173 (N.D.Ill.1993). Under the Illinois exemptions, a debtor is permitted to exempt the debtor's equity interest up to $2,000.00 in miscellaneous personal property. · 735 ILCS § 5/12–1001(b). This is often colloquially called the "wildcard exemption." *In re Doyle*, 209 B.R. 897, 903 (Bankr.N.D.Ill. 1997); *Franklin, Brown, Ramirez*, 210 B.R. at 564. However, this section, as amended by the Illinois legislature effective at the end of 1996, now provides that "[t]he personal property exemptions set forth in this Section shall not apply to or be allowed against any money, salary, or wages due or to become due to the debtor *that are required to be*

*withheld in a wage deduction proceeding* under Part 8 of this Article XII." 735 ILCS § 5/12–1001 (emphasis added).

Prior to the December 31, 1996, effective date for the amendment to 735 ILCS § 5/12–1001(b), it was well settled that the wildcard exemption could be used by Illinois debtors to exempt wages which were subject to a wage deduction proceeding so long as no final wage deduction turnover order had been entered by the state court. *Bates,* 161 B.R. at 968; *Waltjen,* 150 B.R. at 425; *In re Garcia,* 155 B.R. 173, 176 (N.D.Ill.1993); *Garcia,* 149 B.R. at 533 ("The Illinois legislature has thus confirmed that it is the entry of the wage deduction order that terminates the debtor's interest in the withheld wages.").[1]

■ However, 735 ILCS § 5/12–1001 was amended to provide, in effect, that the wildcard exemption would not apply to wages withheld in a wage deduction proceeding. The amendment entirely eliminated language requiring that a wage deduction order be entered before the Debtor would lose exemption rights. The language and interest of the statute is clear. Wages which have been withheld following to the initiation of a wage deduction proceeding are not exemptible under 735 ILCS § 5/12–1001(b). Withheld wages are no longer subject to the Illinois wild card exemption. The Illinois legislature has, in its collective wisdom, decided that working people should not be allowed to use that exemption to protect themselves as they might use it to protect garnisheed bank accounts (should any of them on the eve of bankruptcy have bank accounts), and that is the present state of Illinois law.

■ However, even though Debtor was not entitled under state law to exempt his withheld wages, Debtor listed those wages as exempt, and no one objected to that claim. Pursuant to 11 U.S.C. § 522(*l*), if no party in interest objects to a claimed exemption, such property is exempt. Fed. R. Bankr.P. 4003 requires the trustee or any creditor to file objections within 30 days after the meeting of creditors. No such objections were filed in this case. The Supreme Court and a panel of the Seventh Federal Circuit have clearly held that even where a debtor has no colorable basis for claiming an exemption, once the 30–day period has expired, the property is incontestably exempt. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 643–44, 112 S.Ct. 1644, 1648–49, 118 L.Ed.2d 280 (1992); *Matter of Kazi,* 985 F.2d 318 (7th Cir.1993). Thus, the present issue comes down to whether Debtor can avoid the lien on his wages which impairs an asserted exemption not contested here but which he is not entitled to under the changed Illinois law.

Several bankruptcy courts have held that the 30–day requirement under Rule 4003 as applied to Code § 522(*1*) does not apply to lien avoidance motions. *In re Moe,* 179 B.R. 654, 655 (Bankr.D.Mont.1995) (collecting cases). One requirement under § 522(f)(*1*) for avoiding a judicial lien is that the debtor be entitled to the exemption under § 522(b). An exemption not objected to becomes incontestable under § 522(*l*). Some courts therefore reason that a lien would not be avoidable under § 522(f)(1). *Id.* (citing *In re Mohring,* 142 B.R. 389, 394 (Bankr.E.D.Cal.1992), *aff'd,* 153 B.R. 601 (9th Cir. BAP 1993), *aff'd,* 24 F.3d 247 (9th Cir.1994); *In re Morgan,* 149 B.R. 147, 151–52 (9th Cir. BAP 1993)).

Bankruptcy Judge Wedoff in this District recently analyzed the same issue and determined that to allow a debtor to avoid a lien on property deemed incontestably exempt

---

1. A wage deduction proceeding is initiated by a judgment creditor filing an affidavit stating the creditor's belief as to identity of the judgment debtor's employer and including a set of interrogatories for the employer to answer. 735 ILCS § 5/12–805. The clerk of the state court then issues a summons commanding the employer to answer the interrogatories. *Id.* The creditor then serves the employer with the summons, judgment, interrogatories, and a wage deduction notice to be served on the employer. 735 ILCS § 5/12–806. This creates a lien on the deducted wages in favor of the creditor. 735 ILCS 5/12–808(b). The employer must then begin deducting a portion of the wages. A hearing is then held, after which the court issues an order determining the rights of parties claiming an interest in the wages deducted by the employer. 735 ILCS 5/12–811, 812; *Franklin, Brown, Ramirez,* 210 B.R. at 563. However, the judgment debtor retains an interest in the withheld wages until the wage deduction order is entered. *Bryant v. General Electric Credit Corp.,* 58 B.R. 144, 146 (N.D.Ill.1986); *In re Bates,* 148 B.R. 541, 544–45 (Bankr.N.D.Ill.), *aff'd,* 161 B.R. 965 (N.D.Ill. 1993).

solely pursuant to § 522(*l*) would ignore the literal requirement of § 522(f) that lien avoidance applies only to an exemption the debtor would have been entitled to under § 522(b). *Franklin, Brown, Ramirez,* 210 B.R. at 564. Since Illinois now forbids the exemption for wages under § 522(b), this opinion reasoned that the § 522(*1*) exemption could not warrant avoidance. Bankruptcy Judge Squires, also in this District, came to a contrary view in *Vasquez,* 205 B.R. at 138.

However well reasoned Judge Wedoff's decision was, to hold likewise in this case would be to fly in the face of the earlier cited Supreme Court and Seventh Circuit rulings and would require the anomalous result that a party enjoying a § 522(*1*) exemption would have no remedy to protect that exemption under § 522(f). The debtor in the Supreme Court's *Taylor* decision did not have a legal right to exempt more than a small portion of proceeds from a discrimination suit, yet he claimed the full amount as exempt. 503 U.S. at 642, 112 S.Ct. at 1647. The trustee had opportunity to object to the claimed exemption but failed to do so. *Id.* at 642, 112 S.Ct. at 1647–48. The opinion held that the trustee's failure to object forever barred him from doing so. *Id.*

The Seventh Circuit ruled similarly in *Kazi* and expressly noted that the 30–day time limit should be interpreted literally. 985 F.2d at 322. "It would be inconsistent with *Taylor's* emphasis on finality to allow objecting parties to raise the issue of the debtor's actual notice of opposition to the claimed exemption after the 30–day period has run." *Id.*

As stated, § 522(*l*) expressly provides that the "debtor shall file a list of property that the debtor claims as exempt under subsection (B) of this section." If there are no objections, the property is exempt. To hold now that this exempt property remains subject to a lien which impairs the exemption would contradict that which the Seventh Circuit and the Supreme Court have clearly mandated and make the exemption entirely meaningless. As noted in *Kazi,* it would be inconsistent with *Taylor's* emphasis on finality to allow an exemption under § 522(*l*), but then moot that exemption.

As Debtor has argued here, any due process concerns noted in *Franklin, Brown, Ramirez* have been alleviated. The pending motion to avoid the lien was originally served on creditors by mailing on June 6, 1997, a date prior to expiration of the 30–day period under Rule 4003 (and indeed, a month prior to the meeting of creditors). No creditor or party in interest objected to the exemption. Thus, any due process concerns at this point are moot. The parties affected have long been on notice and have not stepped forward to assert any position. Thus, the second prong of § 522(f)(1) has been met. *See Vasquez,* 205 B.R. at 138.

■ As for the third and forth requirements of that provision, the garnishment lien clearly impairs Debtor's incontestable exemption. Exempt property is impaired when the lien and the amount of the exemption that could otherwise be claimed exceed the value that the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. 522(f)(2)(A). The wildcard exemption is $2,000.00; his exemption claim of $1,000.00 is within that limit, and that exempted $1,000.00 is sought to be seized through wage deductions. Thus, the creditor's lien impairs Debtor's exemption.

■ Finally, Debtor must have an interest in the property. It is well established under Illinois law that the debtor maintains an interest in garnished wages until a final wage deduction order is entered. *See Vasquez,* 205 B.R. at 138. Thus, Debtor may avoid this lien pursuant to § 522(f)(1)(A).

■ As noted, however, Debtor only listed $1,000 of his withheld wages as exempt. That is the only amount deemed incontestably exempt pursuant to § 522(*l*). Debtor may only avoid the garnishment lien to the extent it is exempt, and it is only exempt up to $1,000.00. Above that amount, he has no basis to assert an exemption in light of the change in Illinois exemption law.

### CONCLUSION

For reasons stated above and pursuant to an order to be entered, Debtor's motion to avoid lien will be granted under 11 U.S.C.

§ 522(f)(1)(A) to the extent of $1,000.00, but denied to the extent of wages withheld in excess of that amount.