*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 05b0011n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| In re: DEDRIC AND ANDREA BONNER, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| DEDRIC AND ANDREA BONNER, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 04-8101 |
| | ) | |
| MARVIN A. SICHERMAN, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division at Cleveland.
No. 04-13926.

Argued: August 3, 2005

Decided and Filed: September 6, 2005

Before: AUG, GREGG, and PARSONS, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Scott R. Miller, Cleveland, Ohio, for Appellants. Marvin A. Sicherman,
DETTELBACH, SICHERMAN & BAUMGART, Cleveland Ohio, for Appellee. **ON BRIEF:**
Scott R. Miller, Cleveland, Ohio, for Appellants. Marvin A. Sicherman, DETTELBACH,
SICHERMAN & BAUMGART, Cleveland Ohio, for Appellee.

---

## OPINION

---

MARCIA PHILLIPS PARSONS, Bankruptcy Appellate Panel Judge. The debtors appeal the bankruptcy court's order granting the chapter 7 trustee's motion to reopen the debtors' case to administer an unscheduled personal injury claim. The debtors argue that the reopening was in error because the claim had in fact been scheduled and thus abandoned by the trustee pursuant to 11 U.S.C. § 554(c) when the case was closed. Because we agree with the debtors, we conclude that the bankruptcy court abused its discretion in reopening the case and should be **REVERSED**.

## I.   ISSUE ON APPEAL

The issue on appeal is whether the bankruptcy court abused its discretion in reopening the bankruptcy case based upon its determination that the personal injury claim had not been previously scheduled.

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the BAP, and a final order of the bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). The bankruptcy court's order granting the trustee's motion to reopen the bankruptcy case to administer an asset is a final order, because the determination that the trustee may administer the asset as property of the estate is conclusive on the merits. *See In re Parker*, 264 B.R. 685, 689 (B.A.P. 10th Cir. 2001), *aff'd*, 313 F.3d 1267 (10th Cir. 2002).

An order granting a request to reopen a case is reviewed for abuse of discretion. *In re Rosinski*, 759 F.2d 539, 540-41 (6th Cir. 1985). An abuse of discretion occurs when the bankruptcy court "applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *Schenck v. City of Hudson*, 114 F.3d 590, 593 (6th Cir. 1997) (citations omitted). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons

could differ as to the issue, then there is no abuse of discretion." *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 608 (6th Cir. 2000) (citations omitted). The bankruptcy court's conclusions of law are reviewed *de novo* and findings of fact are reviewed for clear error. *See id.* at 607.

This case presents a mixed question of law and fact. When faced with a mixed question, the reviewing court must separate the question into its constituent parts and analyze each under the appropriate standard of review. *In re Eagle-Picher Indus., Inc.*, 285 F.3d 522, 527 (6th Cir. 2002). The first aspect of the bankruptcy court's decision, how the personal injury claim was identified on the debtors' schedules, although not disputed on appeal, is a finding of fact subject to the clearly erroneous standard. The second aspect of the bankruptcy court's ruling, whether the personal injury claim was sufficiently scheduled, is a question of law subject to *de novo* review.

### III.   FACTS

The debtors, Dedric and Andrea Bonner, filed a chapter 7 petition on March 31, 2004, along with the requisite schedules and statements. On Schedule B, Personal Property, the debtors listed an "Auto Accident Claim" with unknown value as property of the debtor wife. On Schedule C, Property Claimed as Exempt, the debtors again listed "Auto Accident Claim" with two different exemptions: one in the amount of $5,000 pursuant to *Ohio Rev. Code Ann.* § 2329.66(A)(12)(c), which provides an exemption for  "a payment, not to exceed five thousand dollars, on account of personal bodily injury," and the second in the amount of $400 under *Ohio Rev. Code Ann.* § 2329.66(A)(18), Ohio's wildcard exemption that permits an exemption of a "person's interest, not to exceed four hundred dollars, in any property . . . ." On May 11, 2004, one day after the 11 U.S.C. § 341(a) meeting of creditors, the chapter 7 trustee appointed in the case, Marvin A. Sicherman (the "Trustee"), filed a no-asset report, certifying that the estate had been fully administered. Subsequently, on July 6, 2004, the court entered a discharge order, along with a final decree discharging the Trustee and closing the chapter 7 case.

A few months later, on October 28, 2004, the Trustee filed a motion to reopen the debtors' bankruptcy case in order to administer a personal injury claim of the debtors, "which asset was not previously scheduled or administered in the bankruptcy case, and therefore remains property of the bankruptcy estate pursuant to § 554." (J.A. at 16.) The debtors filed an objection to the Trustee's motion, disputing the contention that the personal injury claim had not been previously scheduled

or administered. They asserted that the personal injury claim the Trustee was seeking to administer was the very same auto accident claim they had scheduled and claimed exempt and that the Trustee had abandoned this asset by filing the no-asset report. The Trustee responded to the objection and asserted that the debtors' prior scheduling of the auto accident claim did not constitute the scheduling of a personal injury claim because "[a]n auto accident claim is . . . indicative of a property damage claim arising from a vehicular collision." (J.A. at 22.)

At the November 30, 2004 hearing on this matter, after argument by counsel for the parties, the bankruptcy court observed that the debtors had indeed scheduled an automobile accident claim and had cited the proper exemption for a personal injury claim. Nonetheless, the bankruptcy court concluded that the scheduled "Auto Accident Claim" did not clearly indicate that it was a "personal injury claim," and citing the court's wide discretion to reopen cases provided by § 350 of the Bankruptcy Code and the Trustee's investigative duties under § 704, overruled the debtors' objection and granted the Trustee's motion to reopen.

## IV.   DISCUSSION

Closing and reopening of bankruptcy cases is addressed in § 350 of the Bankruptcy Code, which provides the following:

> (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
>
> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350. Clearly, this provision permits the reopening of a bankruptcy case to administer assets, as was requested by the Trustee in this case. However, "[r]eopening 'to administer assets' is possible only when there are assets unknown to the trustee at the time the case was closed." *In re Woods*, 173 F.3d 770, 777 n.3 (10th Cir. 1999) (citing 3 *Lawrence P. King, et al.*, *Collier on Bankruptcy* ¶ 350.03[1] (15th ed. rev. 1998)). Courts have read § 350 in conjunction with § 554 of the Bankruptcy Code which provides in pertinent part:

> (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

11 U.S.C. § 554. As discussed by the bankruptcy court in *In re McCoy*, 139 B.R. 430 (Bankr. S.D. Ohio 1991):

> Section 350(b) of the Bankruptcy Code allows a case to be reopened to permit a trustee to administer assets. However, the case will not be reopened for that purpose if the asset has been previously abandoned. . . .
>
> . . . .
>
> The language of subsection (c) [of 11 U.S.C. § 554] deems abandoned to the debtor any scheduled asset of the estate that remains unadministered at the close of the case. Any asset concealed from the trustee or not scheduled by the debtor, however, will not be deemed to have been abandoned. [Citation omitted.] The word "scheduled" in § 554(c) has a specific meaning and refers only to assets listed in a debtor's schedule of assets and liabilities. [Citation omitted.]

*Id.* at 431-32.

The Court of Appeals for the Sixth Circuit has observed in dicta that § 554(c) requires an asset to be properly listed "even if the trustee is aware of the asset through other channels." *Bittel v. Yamato Int'l Corp.*, 70 F.3d 1271, 1995 WL 699672, at \*\*4 (6th Cir. 1995) (unpublished table decision); *accord Cundiff v. Cundiff (In re Cundiff)*, 227 B.R. 476, 479 (B.A.P. 6th Cir. 1998) (citing *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991)). The obligation of debtors to schedule their assets is set forth in 11 U.S.C. § 521(1), which requires a debtor to file, among other things, "a schedule of assets and liabilities." "The basic rule is that schedules must be accurate and complete," and "[n]umerous cases hold that the debtor has a duty to prepare schedules carefully, completely, and accurately." *In re Mohring*, 142 B.R. 389, 394 (Bankr. E.D. Cal. 1992), *aff'd*, 24 F.3d 247 (9th Cir. 1994) (citations omitted). As expressed by one court, "[t]o a substantial extent, the trustee's ability to perform the duties set forth in 11 U.S.C. § 704 depends on the accuracy and completeness of the debtor's disclosures." *In re Colvin*, 288 B.R. 477, 481 (Bankr. E.D. Mich. 2003). "Accordingly, the disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." *Id*.

The parties agree that there are "no bright-line rules for how much itemization and specificity is required [under § 521(1)]" and that "[w]hat is required is reasonable particularization under the

circumstances." *In re Mohring*, 142 B.R. at 395, *quoted in In re Kromer*, 202 F.3d 268, 2000 WL 32022, at **2 (6th Cir. 2000) (unpublished table decision). As quoted by the Sixth Circuit, "'it would be silly to require a debtor to itemize every dish and fork,' but 'every bankrupt must do enough itemizing to enable the trustee to determine whether to investigate further.'" *Id.* (quoting *Payne v. Wood*, 775 F.2d 202, 205-07 (7th Cir. 1985)).

When this standard is utilized, it is clear that the debtors' scheduling of "Auto Accident Claim" plainly and unambiguously included any claim that the debtors may have had for any personal injury arising out of the automobile accident. Contrary to the Trustee's assertion before the bankruptcy court that an "auto accident claim" refers solely to a personal property claim, a contention for which the Trustee cited no authority, it is common knowledge that an automobile accident may, and often does, result in personal injury. By listing "Auto Accident Claim," the debtors gave the Trustee sufficient information alerting him to the possible existence of a personal injury claim and the need for further investigation. In the event there was any doubt that the auto accident claim listed by the debtors involved a personal injury, that doubt would and should have been removed by the debtors' claimed $5,000 exemption for "personal bodily injury" resulting from the automobile accident.

To hold as the Trustee urges, that "Auto Accident Claim" is an insufficient description to include a claim for personal injury arising out of an automobile accident, would mean that debtors would have to list every possible claim which could arise out of the automobile accident in order for the assets to be effectively scheduled, a construction the Trustee urged at oral argument in this case. A debtor involved in an automobile accident might have claims for pain and suffering, loss of income, medical expenses, loss of consortium, property damage and any other expenses incurred as a result of the accident. Under the Trustee's reasoning, each of these claims would have to be specifically delineated in the schedules in order for the debtors to sufficiently satisfy their 11 U.S.C. § 521(1) obligation. Clearly, the Code does not require detail of this degree.

Instructive in this regard is the decision of the Court of Appeals for the Ninth Circuit in *Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001), which involved a dispute between band members over unpaid song royalties. The district court, noting a previous chapter 11 filing by Cusano, dismissed Cusano's claim for unpaid royalties, based on the conclusion that Cusano had failed to schedule his royalties claim as an asset in his bankruptcy case and therefore the claims, having never

been abandoned, belonged to the bankruptcy estate. *Id.* at 943-44. The court of appeals reversed the district court, finding that the listing of "songrights" on Cusano's personal property schedule could "reasonably be interpreted to mean copyrights and rights to royalty payments." *Id.* at 946. The court offered the following reasoning:

> Cusano's listing was not so defective that it would forestall a proper investigation of the asset. . . .
>
> Although it would have been more helpful for Cusano to break down the description further so that it named songs, albums, and dates of and parties to royalty and copyright agreements, the additional detail would not have revealed anything that was otherwise concealed by the description as it was, which provided inquiry notice to affected parties to seek further detail if they required it.

*Id.* at 946-47.

In the instant case, the scheduling of "Auto Accident Claim" was sufficient to put the Trustee on inquiry notice such that he could investigate the potential value of the claim with its various components. As the bankruptcy court pointed out, investigation is part of the Trustee's duties under § 704. This is not a case where the debtors attempted to conceal an asset; to the contrary, the debtors claimed an exemption in a personal injury cause of action on their Schedule C, which the bankruptcy court acknowledged. As such, the bankruptcy court erred in concluding that the debtors had failed to properly schedule the personal injury claim.

Because the Trustee's sole basis for reopening the case was his contention that the debtors had failed to schedule the asset, the bankruptcy court's order granting the motion to reopen should be reversed. Nonetheless, notwithstanding the factual foundation of his motion when it was presented to the bankruptcy judge, the Trustee in this appeal now raises the additional argument that a bankruptcy court has the discretion to reopen a case to allow administration of an asset when the asset was inadvertently abandoned by a trustee. This issue was not presented to the bankruptcy court, and thus, there is no record establishing an inadvertency or the circumstances surrounding it. Generally, appellate courts do not decide issues not litigated in the lower court. *See LSA Leasing Corp. v. Phipps Const. Co.*, 972 F.2d 347, 1992 WL 172131, at \*\*5 (6th Cir. 1992) (unpublished table decision) ("[A] litigant may not advance new theories or raise new issues for the first time on appeal.") (citing *Adams v. James*, 784 F.2d 1077, 1080 (11th Cir. 1986); *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir.1990)). Arguments not raised below are waived on appeal. *Hood v. Tenn. Student Assistance Corp. (In re Hood)*, 319 F.3d 755, 760 (6th Cir. 2003) ("It is well-

settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice."). Accordingly, the Trustee's argument has been waived and will not be addressed. Absent full development of the facts and the benefit of the bankruptcy court's consideration of the law, it would be imprudent for this Panel to address an issue which has divided the courts. *See, e.g., In re Woods*, 173 F.3d at 778 and cases cited therein.

## V. CONCLUSION

The personal injury claim was sufficiently scheduled by the debtors and therefore, was statutorily abandoned pursuant to § 554(c). The bankruptcy court's decision to reopen the debtors' case was based on an error of law, and accordingly, it abused its discretion in reopening the case to allow the Trustee to administer the personal injury claim. The order of the bankruptcy court is **REVERSED**.